SUSAN E. BISHOP, CA STATE BAR NO. 187253
JENNIFER Y. LEUNG, CA STATE BAR NO. 260786
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
christian.picone@berliner.com
jennifer.leung@berliner.com

ATTORNEYS FOR DEFENDANTS ESRA JUNG; SUSAN HAEWON PARK; SCOTT S. K. YOO; JK MAINTENANCE INC.; CAFE MILAN INC.; CHOCOLATE CHAIR INC.; SAN FRANCISCO JAPAN CENTER CHOCOLATE CHAIR INC.; SAN FRANCISCO JAPAN CENTER GOOD FACE, INC.; THE GOOD FACE SOUTHERN CA, INC.; AND THEGOODFACE, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUNHEE LEE; BRIAN CHO; HANIL CHO; JONGIL KIM; and YONG KYUNG LIM; individually on behalf of others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>ESRA JUNG; SUSAN HAEWON PARK; SCOTT S. K. YOO; JK DEVELOPMENT INC.; JK MAINTENANCE INC.; CAFE MILAN INC.; CHOCOLATE CHAIR INC.; SAN FRANCISCO JAPAN CENTER CHOCOLATE CHAIR INC.; SAN FRANCISCO JAPAN CENTER GOOD FACE, INC.; THE GOOD FACE SOUTHERN CA, INC.; THEGOODFACE, LLC; GOOD FACE, INC.; THE FACE SHOP, LLC DBA GOOD FACE; C'MON INC.; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)<br><br>Santa Clara County Superior Court Case No. 1-15-CV-276567 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Scott S. K. Yoo (the "Removing Party"), reserving any and all defenses and exceptions, hereby removes this action from the Superior Court of the State of California, for the County of Santa Clara, to this Court, the United States District Court for the Northern District of California, San Jose Division, and in support of such removal, states:

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which now may be removed to this Court by Removing Party pursuant to the provisions of 28 U.S.C. § 1441(a) (federal question), in that Plaintiffs allege claims under the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 203, 206, 207, and 216(b)).

2. Defendants Esra Jung, Susan Haewon Park, JK Maintenance Inc., Cafe Milan Inc., Chocolate Chair Inc., San Francisco Japan Center Chocolate Chair Inc., San Francisco Japan Center Good Face, Inc., The Good Face Southern CA, Inc., and Thegoodface, LLC have been served with the Summons and Complaint. While Removing Party brings this Notice of Removal, Removing Party has not been served. The remaining defendant, JK Development, has also not been served. Counsel for Removing Party represents Defendants Esra Jung, Susan Haewon Park, JK Maintenance Inc., Cafe Milan Inc., Chocolate Chair Inc., San Francisco Japan Center Chocolate Chair Inc., San Francisco Japan Center Good Face, Inc., The Good Face Southern CA, Inc., and Thegoodface, LLC, in this action, and all of these defendants support this Notice of Removal and will file their own Notice of Joinder. However, while the Removing Party does not represent Defendant JK Development, Inc., it has conferred with counsel for JK Development, Inc., and believes it supports this Notice of Removal and Removing Party understands that JK Development, Inc. will file its own Notice of Joinder.

3. On or about February 6, 2015, Junhee Lee, Brian Cho, Hanil Cho, Jongil Kim, and Yon Kyung Lim ("Plaintiffs"), initiated this case on behalf of themselves and a proposed class by filing a Complaint against Removing Party and the remaining defendants, in the Superior Court of the State of California, for the County of Santa Clara, Case No. 1-15-cv-276567. Although Removing Party has not been served with the Complaint, it understands that it contains federal questions. A copy of the Complaint is attached hereto as **Exhibit A**.

4. The Complaint includes a claim arising under federal law; namely, a cause of action under the Fair Labor Standards Act (29 U.S.C. § 216(b)).

5. While Defendants Esra Jung, Susan Haewon Park, JK Maintenance Inc., Cafe Milan Inc., Chocolate Chair Inc., San Francisco Japan Center Chocolate Chair Inc., San Francisco Japan Center Good Face, Inc., The Good Face Southern CA, Inc., Thegoodface, LLC, and Scott S. K. Yoo filed a General Denial and Affirmative Defenses in answer to the Complaint on March 25, 2015, Scott S. K. Yoo has not been served.

6. This Notice of Removal is timely under 28 U.S.C. §§ 1446(b), 1453(b). Removing Party has not yet been served with the Complaint and had not otherwise been provided a copy of the Complaint or other documents until a copy of the Complaint was provided to Removing Party by another Defendant, Esra Jung, on or about March 9, 2015, when he called Removing Party to inform him that he had been named as a defendant in the lawsuit.

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the Removing Party pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under a federal law, the Fair Labor Standards Act pursuant to 29 U.S.C. §§203, 206, 207, and 216(b).

8. This Court also has supplemental jurisdiction of the state claims in accordance with 28 U.S.C. § 1367, because the state law claims are transactionally related to, i.e. arise from the same case or controversy as, the federal claim.

9. A copy of this Notice of Removal was properly served this date on Plaintiffs' attorneys of record.

10. A copy of this Notice of Removal was filed with the clerk of the court of the Superior Court of the State of California, for the County of Santa Clara, in Case No. 1-15-cv-276567.

//

//

//

//

//



4849-2320-7202v1
JLEUNG\22863003

11. This Notice of Removal is filed subject to and without waiver of any defenses or objections to the Complaint that the Removing Party may have.

WHEREFORE, Removing Party requests that this Notice of Removal be deemed sufficient and that the above action now pending against it in the Superior Court of the State of California, for the County of Santa Clara, be removed to this Court.

DATED: APRIL 2, 2015

RESPECTFULLY SUBMITTED,

BERLINER COHEN

BY: */s/ Jennifer Y. Leung*

SUSAN E. BISHOP
JENNIFER Y. LEUNG
ATTORNEYS FOR DEFENDANTS ESRA JUNG; SUSAN HAEWON PARK; SCOTT S. K. YOO; JK MAINTENANCE INC.; CAFE MILAN INC.; CHOCOLATE CHAIR INC.; SAN FRANCISCO JAPAN CENTER CHOCOLATE CHAIR INC.; SAN FRANCISCO JAPAN CENTER GOOD FACE, INC.; THE GOOD FACE SOUTHERN CA, INC.; AND THEGOODFACE, LLC.

Lee v. Jung, et al. Case No. .

PROOF OF SERVICE

I, Sabina Hall, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, and my business address is 10 Almaden Blvd., 11th Floor, San Jose, CA. On April 2, 2015, I served the following document(s):

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTON)

in the following manner:

[ ] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, from the sending facsimile machine telephone number of __________. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

[ ] by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I cause the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Attorneys for Plaintiffs

Steven P. Cohn
Sean Michael Rankin Bothamley
Advocacy Center for Employment Law
2084 Alameda Way
San Jose, CA 95126

Attorneys for Plaintiffs

John F. McIntyre, Jr.
Kevin Elliott
Shea & McIntyre
2166 The Alameda
San Jose, CA 95126

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on April 2, 2015, at San Jose, California.

*_/s/ Sabina Hall_*
SABINA HALL

STEVEN P. COHN, ESQ. SBN 96808
SEAN MICHAEL RANKIN BOTHAMLEY SBN 300100
ADVOCACY CENTER FOR EMPLOYMENT LAW
2084 Alameda Way
San Jose, CA 95126
Telephone: (408) 557-0300
Facsimile: (408) 557-0309

JOHN F. McINTYRE, JR. SBN 172128
KEVIN ELLIOTT SBN 276295
SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
Telephone: (408) 298-1144
Facsimile: (408) 275-0814

Attorneys for Plaintiffs and the Putative Class

FILED Santa Clara Co.
02/06/15 2:46PM
David H. Yamasaki
Chief Executive Officer
By: aramirez DTSCIV01
R#201500010750
CK $1,435.00
TL $1,435.00
Case: 1-15-CV-276567
A. Ramirez

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

JUNHEE LEE; BRIAN CHO; HANIL CHO; JONGIL KIM; and YON KYUNG LIM; individually on the behalf of others similarly situated,

Plaintiffs,

vs.

ESRA JUNG; SUSAN HAEWON PARK; SCOTT S. K. YOO; JK DEVELOPMENT INC.; JK MAINTENANCE INC.; CAFÉ MILAN INC.; CHOCOLATE CHAIR INC.; SAN FRANCISCO JAPAN CENTER CHOCOLATE CHAIR, INC.; SAN FRANCISCO JAPAN CENTER GOOD FACE, INC.; THE GOOD FACE SOUTHERN CA, INC; THEGOODFACE, LLC; GOOD FACE, INC.; THE FACE SHOP, LLC d.b.a. GOOD FACE; C'MON INC.; and DOES 1-50, inclusive,

Case No.: 115CV276567

**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**

1. Failure to Pay Wages Due in Violation of Labor Code § 204
2. Violation of Labor Code § 510 and the ICW Wage Orders
3. Failure to Provide Itemized Wage Statements in Violation of Labor Code § 226
4. Failure to Provide All Wages Due Upon Termination of Employment – Waiting Time Penalties
5. Failure to Provide Adequate Meal Periods and Rest Breaks
6. Failure to Pay Overtime and Regular Wages in Violation of 29 U.S.C. §§ 206, 207, and 216
7. Recovery of Business Expenses – Labor Code § 2802
8. California's Unfair Competition Law, Business and Professions Code § 17200, et seq.

| | |
|---|---|
| Defendants. | 9. Private Attorney General Act<br>10. Wrongful Termination in Violation of Public Policy – Junhee Lee<br>11. Wrongful Termination in Violation of Public Policy – Hanil Cho<br>12. Retaliation/Whistleblower Protection – Junhee Lee<br>13. Retaliation/Whistleblower Protection – Hanil Cho |

COME NOW PLAINTIFFS and hereby allege as follows:

**PARTIES**

1. Plaintiff JUNHEE LEE ("LEE" or collectively with the other plaintiffs "Plaintiffs") is an individual who, at all times relevant, resided in Santa Clara County, California, contracted with Defendants to work, and did work, in Santa Clara County, California.

2. Plaintiff BRIAN CHO ("BRIAN CHO" or collectively with the other plaintiffs "Plaintiffs") is an individual who, at all times relevant, resided in Santa Clara County, California, contracted with Defendants to work, and did work, in Santa Clara County, California.

3. Plaintiff HAHIL CHO ("HANIL CHO" or collectively with the other plaintiffs "Plaintiffs") is an individual who, at all times relevant, resided in Santa Clara County, California, contracted with Defendants to work, and did work, in Santa Clara County, California.

4. Plaintiff JONGIL KIM ("KIM" or collectively with the other plaintiffs "Plaintiffs") is an individual who, at all times relevant, resided in Santa Clara County, California, contracted with Defendants to work, and did work, in Santa Clara County, California.

5. Plaintiff YON KYUNG LIM ("LIM" or collectively with the other plaintiffs "Plaintiffs") is an individual who, at all times relevant, resided in Santa Clara County, California, contracted with Defendants to work, and did work, in Santa Clara County, California.

6. Defendant ESRA JUNG ("JUNG" or collectively with the other defendants "Defendants") is an individual who, at all times relevant, resided in Santa Clara County, California, serves as President of Defendants JK DEVELOPMENT INC., JK MAINTENANCE INC., and CAFÉ MILAN, is a Managing Member of Defendant THEGOODFACE, LLC, and committed and directed the actions and inactions as herein alleged in Santa Clara County,

California.

7. Defendant SUSAN HAEWON PARK ("PARK" or collectively with the other defendants "Defendants") is an individual who, at all times relevant, resided in Santa Clara County, California, serves as President of Defendants THE GOOD FACE SOUTHERN CA, INC, GOOD FACE INC., and C'MON INC., is a Member of Defendant THEGOODFACE, LLC, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California.

8. Defendant SCOTT S. K. YOO ("YOO" or collectively with the other defendants "Defendants") is an individual who, at all times relevant, served as a Managing Member of Defendant THEGOODFACE, LLC, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California.

9. Defendant JK DEVELOPMENT INC. ("JKD" or collectively with the other defendants "Defendants") is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California. JK DEVELOPMENT INC. operates as a holding company of Defendants CAFÉ MILAN INC., CHOCOLATE CHAIR INC., SAN FRANCISCO JAPAN CENTER CHOCOLATE CHAIR, INC., SAN FRANCISCO JAPAN CENTER GOOD FACE, INC., THE GOOD FACE SOUTHERN CA, INC., THEGOODFACE, LLC, GOOD FACE, INC., THE FACE SHOP, LLC d.b.a. GOOD FACE, C'MON INC., and JK MAINTENANCE INC., and committed and directed the actions and inactions as herein alleged in Santa Clara County, California. JK DEVELOPMENT INC. also owns real property, including shopping centers, where many of Defendants' physical stores are located.

10. Defendant JK MAINTENANCE INC. ("JKM" or collectively with the other defendants "Defendants") is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California. JK DEVELOPMENT INC. operates as a holding company of Defendants CAFÉ MILAN INC., CHOCOLATE CHAIR INC., SAN FRANCISCO JAPAN CENTER CHOCOLATE CHAIR, INC., SAN FRANCISCO JAPAN CENTER GOOD FACE,

INC., THE GOOD FACE SOUTHERN CA, INC., THEGOODFACE, LLC, GOOD FACE, INC., THE FACE SHOP, LLC d.b.a. GOOD FACE, C'MON INC., and JK DEVELOPMENT INC., and committed and directed the actions and inactions as herein alleged in Santa Clara County, California.

11. Defendant THE GOOD FACE SOUTHERN CA, INC ("GFSC" or collectively with the other defendants "Defendants") is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California. GFSC operates as a franchisee of franchisor THEFACESHOP CO. LTD, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California. As a franchisee, GFSC operates business entities named "THEFACESHOP", which manufacture, distribute, and sell skin care and cosmetic products and services, with approximately four (4) store locations: 7655 Clairemont Mesa Blvd, San Diego, CA 92111; 4840 Irvine Blvd, STE 102, Irvine, CA 92620; 5141 Beach Boulevard, Buena Park, CA 90621; and 621 S Western Avenue, Los Angeles, CA 90005.

12. Defendant SAN FRANCISCO JAPAN CENTER GOOD FACE, INC., ("SFGF" or collectively with the other defendants "Defendants") is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California. SFGF operates as a franchisee of franchisor THEFACESHOP CO. LTD, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California. As a franchisee, SFGF operates business entities named "THEFACESHOP", which manufacture, distribute, and sell skin care and cosmetic products and services, with approximately one (1) store location: 1737 Post St., STE 383, San Francisco, CA 94115.

13. Defendant THEGOODFACE, LLC ("GF" or collectively with the other defendants "Defendants") is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California. GF operates as a franchisee of franchisor THEFACESHOP CO. LTD, and committed and directed the actions and inactions as herein alleged in Santa Clara

County, California. As a franchisee, GF operates business entities named "THEFACESHOP", which manufacture, distribute, and sell skin care and cosmetic products and services, with approximately one (1) store location: 3561 El Camino Real #95, Santa Clara, CA 95051.

14. Defendant CAFÉ MILAN INC., d.b.a. Café Milan ("MILAN" or collectively with the other defendants "Defendants"), is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California. MILAN operates as a café, selling coffee, tea, and ice cream, with approximately one (1) store location: 3561 El Camino Real, STE 99, Santa Clara, CA 95051.

15. Defendant CHOCOLATE CHAIR INC., d.b.a. The Chocolate Chair ("CC" or collectively with the other defendants "Defendants"), is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California. CC operates as a café, selling desserts, coffee, tea, and shaved ice, with approximately two (2) store locations: 621 S Western Avenue, Los Angeles, CA 90005; and 5549 Beach Boulevard, Buena Park, CA 90621.

16. Defendant SAN FRANCISCO JAPAN CENTER CHOCOLATE CHAIR, INC. d.b.a. The Chocolate Chair ("SFCC" or collectively with the other defendants "Defendants"), is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct business in the State of California, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California. SFCC operates as a café, selling desserts, coffee, tea, and shaved ice, with approximately one (1) store location: 1737 Post St., STE 383, San Francisco, CA 94115.

17. Defendant C'MON INC., d.b.a. C'Mon, ("C'MON" or collectively with the other defendants "Defendants"), is a business entity incorporated in California with its principal place of business in Santa Clara County, California, and is a business duly authorized to conduct

business in the State of California, and committed and directed the actions and inactions as herein alleged in Santa Clara County, California. C'MON operates as a clothing merchandiser, with approximately one (1) store location: 3561 Ryder St, Santa Clara, CA 95051.

18. Plaintiffs are presently unaware of the true names and capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, Plaintiffs' damages were proximately caused by such Defendants, and the actions herein alleged against said Defendants were committed in Santa Clara County, California.

19. Each Defendant is and was, at all times relevant, the agent, servant, employee, co-conspirator, sponsor, or joint venturer of each remaining Defendant, and at all times relevant was acting within the course and scope of said agency, service, employment, co-conspiracy, sponsorship, and joint venture, and are legally responsible, vicariously or otherwise, for Plaintiffs' losses as herein set forth.

20. Each Defendant knowingly adopted and ratified the conduct set forth herein below of each other Defendant as its own.

## SUBJECT MATTER JURISDICTION AND VENUE

21. This is a proper venue and this Court has jurisdiction over this action as the actions complained of herein took place within its jurisdictional limits.

22. Plaintiffs' damages hereinbelow set forth are in excess of this Court's minimum jurisdictional limits.

## GENERAL ALLEGATIONS

23. Defendants, and each of them, were employers of Plaintiffs and the putative class pursuant to applicable law.

24. Defendants, and each of them, hired store "Managers" for each of their stores' physical locations. These store managers were misclassified employees who did not fit within any exempt category recognized under California law. Each spent more than fifty percent (50%)

of their time engaged in non-exempt tasks while employed by Defendants.

25. Defendants, and each of them, also hired other "Managers" who assisted Defendants with other tasks involved in the operation of Defendants' physical stores, as well as working within these stores as cashiers, cleaners, and inventory stockers. These other "Managers" were misclassified employees who did not fit within any exempt category recognized under California law. Each spent more than fifty percent (50%) of their time engaged in non-exempt tasks while employed by Defendants.

26. Plaintiffs who were given the title of "Manager" regularly worked in excess of eight (8) hours in a workday, in excess of forty (40) hours in a work week, and for seven consecutive days of work, but were not paid premium wages for such work.

27. Defendants, and each of them, paid these "Managers" on a semi-monthly basis, but failed to provide these Plaintiffs with accurate itemized wage statements as required by California law.

28. Defendants, and each of them, regularly required all "Managers" to work during their meal and rest breaks. During these breaks, Defendants instructed these "Managers" not to leave the immediate geographic area of their respective stores.

29. At all times relevant, some Plaintiff "Managers", including, but not limited to, Plaintiffs HANIL CHO, LIM, and KIM, were and continue to be paid a salary of less than two (2) times the state minimum wage for full-time employment.

30. Plaintiffs who were given the title of "Manager" were often required by Defendants, as a necessary part of their employment, to travel or ship goods between Defendants' stores or other locations. Defendants required these Plaintiffs to pay for their incurred travel costs, including costs of refueling vehicles used. Defendants would also require these Plaintiffs to maintain business cell phones at Plaintiffs' expense. Defendants regularly failed to indemnify these Plaintiffs for the complete and total costs of these necessary expenditures.

31. Defendants, and each of them, also hired hourly employees for each of their stores' physical locations. These employees regularly worked in excess of eight (8) hours in a

workday, in excess of forty (40) hours in a work week, and for seven consecutive days of work, but were not paid premium overtime wages for such work.

32. Defendants, and each of them, paid these employees on a semi-monthly basis, but failed to provide these Plaintiffs with accurate itemized wage statements as required by California law.

33. Defendants, and each of them, regularly required these employees to work during their meal and rest breaks. During these breaks, Defendants instructed these employees not to leave the immediate geographic area of their respective stores.

34. Plaintiff BRIAN CHO works at THEFACESHOP, located at 3561 El Camino Real #95, Santa Clara, CA 95051, as a misclassified employee, holding the title of Inventory Manager, and working approximately 80 hours each week in this position.

35. Plaintiff KIM works at CAFÉ MILAN, located at 3561 El Camino Real, STE 99, Santa Clara, CA 95051, as a misclassified employee, holding the title of Inventory Manager, and working approximately 80 hours each week in this position.

36. Plaintiff LIM works for Defendant JKD as a misclassified employee, holding the title of Graphic Designer, and working approximately 80 hours each week in this position.

37. Plaintiff HANIL CHO worked for THEFACESHOP, located at 3561 El Camino Real #95, Santa Clara, CA 95051, as a misclassified employee, held the title of Inventory Manager, and worked approximately 80 hours each week in this position.

38. Plaintiff LEE was hired by Defendant JKD on or about January 22, 2013, through the PERM labor certification system, obtaining a work permit to work in the United States for Defendant JKD. After moving to California, LEE thereafter worked as a misclassified employee, holding the title of Property Manager, and regularly worked 15 hours each day, from 8:00 AM to 11:00 PM, seven days a week.

39. LEE initially performed accounting and janitorial duties for JKD including opening up Defendants' Santa Clara shopping center, periodically collecting rents and utility payments from tenants and depositing same at Defendants' bank, and maintaining spreadsheets and QuickBooks accountings for Defendants' businesses. LEE's said accounting responsibilities

were taken away and given to a professional accountant approximately one to two months after LEE was hired. Thereafter, LEE continued performing janitorial tasks, such as opening the shopping center and cleaning the area around the shopping center's dumpsters, and also worked in Defendants MILAN's and CC's stores in the same shopping center, performing inventory and stock duties, making coffee and shaved ice, cleaning tables, and cleaning the store's bathrooms.

40. LEE also acted as one of JKD's secretarial and customer service employees, requiring LEE to answer phone calls that came in from customers or sales people to the shopping center's main public phone line. This duty was shared by all administrative "Managers" that worked for Defendants in their Santa Clara shopping center's office.

41. LEE was hired with an annual salary of $35,000, which was subsequently raised to $36,500 on or about January 1, 2014. On or about October 1, 2014, JUNHEE LEE's salary was increased to $50,000. LEE's set PERM annual salary was to be approximately $70,000.00, which he was never provided.

42. In or about April of 2014, LEE, with the assistance of Defendants PARK and JUNG, obtained an F1 Student Visa, and later received a Green Card in or about August of 2014.

43. In or about November of 2014, in a meeting with Defendant PARK, LEE, for himself and at the behest of his fellow misclassified co-workers, requested Defendants pay all misclassified "Managers" premium wages for the overtime hours that they work, as required by California law. Defendant PARK denied this request on behalf of all Defendants. Soon after LEE made this demand, all "Managers" who worked for Defendants, including LEE, were told to sign a document that said each was waiving their right to bring claims for, among other Labor Code violations, past wages due. Defendants offered each "Manager" a check for $1,000 as a bribe to sign this waiver agreement.

44. LEE refused to sign this waiver and take the offered check, whereupon he was immediately terminated from his employment in retaliation for making a demand for wages due and owing. LEE received his last paycheck approximately three (3) days later. Upon LEE's employment being terminated, Defendants PARK and JUNG (on behalf of all Defendants) threatened LEE that, if he were to seek legal action against Defendants, Defendants would

retaliate by interfering with LEE's immigration status.

45. HANIL CHO, along with KIM and BRIAN CHO, were also asked to sign legal waivers in return for $1000.00 checks. Initially, these Plaintiffs signed these waivers and took, but did not cash or deposit, their $1,000 checks out of fear of being immediately terminated similar to LEE. Over the course of the next few weeks, Defendants PARK and JUNG (on behalf of all Defendants) further pressured and harassed these Plaintiffs to cash their checks, and threatened each with termination if said checks were not cashed soon. Unable to take such constant harassment and threats any longer, and out of fear of losing his employment, HANIL CHO cashed his $1,000 check in or about late December, 2014.

46. After HANIL CHO cashed his check, Defendant PARK held a company meeting on or about January 14, 2015, which Plaintiffs HANIL CHO and BRIAN CHO attended along with other employees. At this meeting, Defendant PARK intentionally denigrated and humiliated HANIL CHO in front of his co-workers by making false accusations against him, including that HANIL CHO had stolen from and defrauded Defendants, that he had intentionally delayed his work to hurt Defendants' businesses, that he had and was continuing to spread rumors that Defendants PARK and JUNG were bad people, and that he was trying to "ruin the company".

47. Immediately after this meeting, unable to withstand further harassment from Defendants, and incident to the blatant defamation of his character in front of his peers, HANIL CHO informed Defendant PARK that he was quitting. HANIL CHO received his last paycheck four (4) days later.

## CLASS ACTION ALLEGATIONS

48. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. Plaintiffs seek to represent a Class composed of and defined as follows:

> Class: All of Defendants' California non-exempt hourly employees who provided services at Defendants' employment locations at any time four years prior to the filing of this action through the date of trial.

49. Plaintiffs also seek to bring this action on behalf of themselves and all other

similarly situated persons in a sub-class of the Plaintiff class, which is composed of and defined as follows:

<u>**Sub-Class A:**</u> All Plaintiff class members who worked in excess of eight (8) hours in a day <u>**and**</u>/or forty (40) hours in a week and who were not paid all overtime premium compensation due.

50. Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff class, which is composed of and defined as follows:

<u>**Sub-Class B:**</u> All Plaintiff class members who were not provided with statutory meal periods and who were not paid an hour's wages for meal periods that were not provided.

51. Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff class, which is composed of and defined as follows:

<u>**Sub-Class C:**</u> All Plaintiff class members who were not provided with statutory rest breaks <u>**and**</u> who were not paid an hour's wages for rest breaks that were not provided.

52. Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff class, which is composed of and defined as follows:

<u>**Sub-Class D:**</u> All Plaintiff class members who were provided incomplete and inaccurate pay <u>**records**</u> that did not reflect all actual hours worked and/or rates of premium pay for Defendants' failure to provide meal periods (or compensation in lieu thereof), failure to provide rest breaks (or compensation in lieu thereof), and failure to record overtime hours worked for premium compensation.

53. Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff class, which is composed of and defined

as follows:

**Sub-Class E:** All Plaintiff class members whom Defendants did not timely pay all wages due upon discharge or termination of employment.

54. Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff class, which is composed of and defined as follows:

**Sub-Class F:** All employees who were told to sign a document that said each was waiving their right to bring claims for, among other Labor Code violations, past wages due in exchange for $1,000 each.

55. Plaintiffs reserve the right under Code of Civil Procedure § 382 to amend or modify the class description with greater specifics or further division into subclasses or limitation to particular issues.

56. This action has been brought and may be properly maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, and the proposed class is easily ascertainable.

57. The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed, dozens of employees in California, in positions as non-exempt employees who have been affected by Defendants' policy of requiring hourly employees to work off-the-clock during meal periods, requiring such employees to work in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and for seven consecutive work days in a workweek without premium overtime compensation, and requiring them to work through statutorily-mandated meal periods and rest breaks without the appropriate legal compensation.

58. Accounting for employee turnover during the relevant time period necessarily increases the numerosity of the proposed class substantially. Upon information and belief, Plaintiffs allege Defendants' employment records would provide information as to the number

and location of all class members. Joinder of all members of the proposed class is not practicable, and the individual damages are not sufficiently meaningful to allow for practical resolution through individualized litigation.

59. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

- Whether Defendants violated California labor laws, Industrial Welfare Commission Wage Order Nos. 5-2001 and 7-2001, and California Code of Regulations, Title 8, § 11050 by failing to pay Plaintiff class members proper overtime premium compensation for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and/or hours worked on the seventh consecutive day of work in a workweek;
- Whether Defendants violated California Labor Code §§ 226.7 and 512, Industrial Welfare Commission Wage Order Nos. 5-2001 and 7-2001, and California Code of Regulations, Title 8, § 11050 by failing to provide a meal period to Defendants' non-exempt employees on days they worked in excess of five (5) hours, and a second meal period on days they worked in excess of ten (10) hours, and failing to compensate said employees one (1) hour's wages for missed meal periods;
- Whether Defendants violated California Labor Code §§ 226.7 and 512, Industrial Welfare Commission Wage Order Nos. 5-2001 and 7-2001, and California Code of Regulations, Title 8, § 11050 by failing to provide a rest break to Defendants' nonexempt employees for every four (4) hours that they worked, and failing to compensate said employees one (1) hour's wages for missed rest breaks;
- Whether Defendants violated California Labor Code § 226 by failing to provide accurate itemized wages statements to Defendants' non-exempt employees;

- Whether Defendants violated Business and Professions Code §§ 17200, et. seq. by failing to pay wages for all hours worked, failing to provide meal periods and rest breaks, and failing to compensate non-exempt employees one (1) hour's wages for meal periods and rest breaks that were not provided;
- Whether Defendants violated Business and Professions Code §§ 17200, et. seq., California Labor Code §§ 218, 226.7, 512, and 1194, Industrial Welfare Commission Wage Order Nos. 5-2001 and 7-2001, and California Code of Regulations, Title 8, § 11050 and whether such a violation constitutes a violation of fundamental public policy; and
- Whether Plaintiffs and Plaintiff class members are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, et. seq.
- Whether Defendants' policy and/or practice of demanding its employees to sign documents that said each employee was waiving their right to bring claims for, among other Labor Code violations, past wages due in exchange for $1,000 each is a violation of applicable law.

60. The claims of the named Plaintiffs are typical of the claims of the class. Said Plaintiffs and all members of the putative class sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, statutes, and/or regulations that have the force and effect of law, and statutes as alleged herein.

61. Said Plaintiffs will fairly and adequately represent and protect the interests of the class members. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

62. A class action is superior to other available means for the fair and efficient adjudication of the controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of the Defendants' illegal policy and/or practice of failing to pay overtime premium wages due, denying class members meal periods and rest breaks without legal

compensation, and failing to provide accurate wage statements as required by law. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
(Failure to Pay Wages Due in Violation of Labor Code § 204)
As Against All Defendants

63. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

64. All wages due to any employee are due and payable twice during each month, and all overtime wages must be paid no later than the payday for the next regular payroll period, pursuant to Labor Code § 204.

65. Defendants did not pay Plaintiffs all wages due, including regular and premium overtime wages, within the applicable time periods set forth in Labor Code § 204.

66. As a direct and proximate result of Defendants' misconduct, Plaintiffs have suffered damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

67. Plaintiffs are entitled to liquidated damages pursuant to Labor Code § 1194.2, in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

68. Plaintiffs were required to retain attorneys to bring this action, and are entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 218.5.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

## SECOND CAUSE OF ACTION
(Violation of Labor Code § 510 and the ICW Wage Orders)
As Against All Defendants

69. Plaintiffs incorporate herein by reference each of the preceding paragraphs as

though set forth in full.

70. Labor Code § 510 and applicable IWC Wage Orders provide that any work in excess of eight (8) hours in a workday, any work in excess of forty (40) hours in a work week, and the first eight (8) hours worked on the seventh consecutive day of work in any workweek, shall be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee. Hours in excess of twelve (12) hours in a workday, and any hours in excess of the first eight (8) hours worked on the seventh consecutive day of work in any workweek, shall be compensated at a rate of no less than two times the regular rate of pay for an employee.

71. Defendants failed to pay Plaintiffs these premium overtime wages, despite the fact that they regularly worked more than eight (8) hours in one workday, worked more than forty (40) hours in one workweek, and worked a seventh consecutive day of work in one workweek.

72. As a direct and proximate result of Defendants' misconduct, Plaintiffs have suffered damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

73. Plaintiffs are entitled to all premium overtime wages pursuant to Labor Code § 1194, and to liquidated damages pursuant to Labor Code § 1194.2, in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

74. Plaintiffs were required to retain attorneys to bring this action and are entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 218.5.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

## THIRD CAUSE OF ACTION

(Failure to Provide Itemized Wage Statements in Violation of Labor Code § 226)
As Against All Defendants

75. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

76. Labor Code § 226(a) provides that every employer shall, semi-monthly or at the time of each payment of wages, provide each employee with a written, itemized statement

showing, *inter alia*, their gross wages earned, the total number of hours worked by the employee, the applicable hourly rate in effect during the pay period, and the corresponding number of hours earned at each hourly rate.

77. Defendants failed to provide such accurate, itemized wages statements to Plaintiffs, in that the wage statements that Defendants provided do not accurately reflect Plaintiffs' regular and overtime hours worked or their true wages earned.

78. Labor Code § 226(e)(1) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees

79. Defendants are liable to Plaintiffs for the amounts described above, and in no event less than $4,000 per Plaintiff, in addition to the civil penalties provided for in Labor Code § 226.3.

80. Plaintiffs were required to retain attorneys to bring this action and are entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code §§ 226(e).

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

## FOURTH CAUSE OF ACTION

(Failure to Provide All Wages Due Upon Termination of Employment – Waiting Time Penalties)
As Against All Defendants

81. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

82. Defendants, and each of them, willfully and intentionally failed to pay all wages due to Plaintiffs and, for those Plaintiffs' whose employment was terminated, failed to timely pay said wages at the time of said Plaintiffs' termination of employment, and have not paid said wages at the time of the filing of this Complaint, in violation of Labor Code § 203.

83. As a direct and foreseeable result of Defendants' conduct, said Plaintiffs are

entitled to waiting time penalties pursuant to Labor Code § 203, in amounts according to proof and in excess of this Court's jurisdictional limits.

84. Plaintiffs were required to retain attorneys to bring this action and are entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 218.5.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

## FIFTH CAUSE OF ACTION
(Failure to Provide Adequate Meal Periods and Rest Breaks)
As against all Defendants

85. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

86. IWC Wage Order numbers 5-2001 and 7-2001 provides that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes, and that rest periods of at least ten (10) minutes must be provided to employees per four (4) hours of work or major fraction thereof. IWC Wage Order number 7-2001 and Labor Code § 512 provide that that no employer shall employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes. Labor Code § 226.7 provides that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

87. IWC Wage Order number 5-2001 and 7-2001 and Labor Code § 226.7 further provide that if an employer fails to provide an employee with a required meal or rest period, the employer shall pay the employee one (1) hour's wages at the employee's regular rate of compensation for each workday that a meal period or rest break is not provided.

88. Plaintiffs were not provided with their statutorily-mandated, thirty (30) minute uninterrupted meal periods during their first five (5) hours of work, and when they worked over ten (10) hours per day, they were not provided with a second meal period. Further, Plaintiffs were not provided with their statutorily-mandated, uninterrupted rest breaks.

89. Defendants' failure to provide meal and rest periods is a violation of IWC Wage Order number 5-2001 and 7-2001 and Labor Code § 226.7. Plaintiffs are therefore entitled to receive all wages due for Defendants' failure to provide these required meal periods and rest breaks.

90. As a direct and proximate result of Defendants' misconduct, Plaintiffs have suffered damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

**SIXTH CAUSE OF ACTION**

(Failure to Pay Overtime and Regular Wages in Violation of 29 U.S.C. §§ 206, 207, and 216)
As Against All Defendants

91. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

92. At all times relevant, Plaintiffs' employment was subject to the provisions of the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

93. Defendants operate business enterprises in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) & (s) and related Department of Labor regulations. Defendants, and each of them, routinely required and/or suffered or permitted Plaintiffs to work more than 40 hours per week without paying all of Plaintiffs' wages for such overtime work. Defendants also failed to pay all of Plaintiffs' regular wages that came due.

94. In failing to pay Plaintiffs their overtime wages, failing to pay Plaintiffs such wages at one and one-half of their regular rate of pay, and failing to pay all of Plaintiffs' regular minimum wages, Defendants willfully violated the FLSA.

95. As a direct and foreseeable result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost regular and overtime wages, in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

96. Defendants intentionally, with reckless disregard for the responsibilities under the

FLSA, and without good cause, failed to pay Plaintiffs their proper wages. Defendants are therefore liable to Plaintiffs for liquidated damages ("Double Damages") pursuant to 29 U.S.C. § 216(b) in amounts equal to their lost wages, according to proof, and in excess of this Court's minimum jurisdictional limits.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

**SEVENTH CAUSE OF ACTION**
(Recovery of Business Expenses – Labor Code § 2802)
As Against All Defendants

97. Plaintiffs incorporate herein by reference each of the preceding allegations as though set forth in full.

98. Plaintiffs incurred necessary and business-related expenses that were not reimbursed by Defendants, including, but not limited to, the expenses Plaintiffs incurred in paying for cellular telephones used for business purposes, and mileage and travel expenses when traveling on Defendants' business as required by the Defendants as a condition of their employment.

99. Defendants' failure to reimburse Plaintiffs' for said expenses violates California Labor Code § 2802, as well as Labor Code §§ 221 and 400 through 410, as those sections have been interpreted by California case law. Plaintiffs are entitled to recover their business expenses, interest thereon, attorneys' fees, and costs in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

**EIGHTH CAUSE OF ACTION**
(California's Unfair Competition Law, Business and Professions Code § 17200, et seq.)
As Against All Defendants

100. Plaintiffs incorporate herein by reference each of the preceding allegations as though set forth in full.

101. The deprivation by Defendants of Plaintiffs' regular and overtime premium wages due are unlawful business practices within the meaning of Business and Professions Code §§

17200, et seq., including violations of applicable Wage Orders, regulations, and statutes.

102. Under Business and Professions Code §§ 17200, et seq., Plaintiffs assert standing on their own behalf and seek, among other things, restitution of compensation due.

103. At all relevant times, Defendants committed further violations of law, as described within this Complaint, including, but not limited to:

- Retaliating against their employees' lawful conduct outside of work, in violation of Labor Code § 96(k);
- Retaliation against their employees' for filing labor complaints in violation of Labor Code § 98.6;
- Failing and refusing to timely pay employees all wages due upon termination of their employment, in violation of Labor Code §§ 201 and 202;
- Failing and refusing to timely pay all wages due, in violation of Labor Code § 204;
- Failing and refusing to maintain designated wage scales, in violation of Labor Code § 223;
- Failing and refusing to provide accurate itemized wage statements, in violation of Labor Code § 226(a);
- Requiring employees to work during statutorily-mandated meal periods and/or rest breaks, in violation of Labor Code § 226.7;
- Failing and refusing to compensate employees for unused vacation time and refusing to allow vacation time to accrue, in violation of Labor Code § 227;
- Failing and refusing to compensate employees for unused vacation time upon termination of their employment, in violation of Labor Code § 227.3;
- Retaliating against employees for their disclosure of the amount of their wages, in violation of Labor Code § 232(c);
- Retaliating against employees for their disclosure of their working

conditions. in violation of Labor Code § 232.5(c);

- Failing and refusing to provide employees with all tips or gratuities paid to them, in violation of Labor Code § 351;
- Failing and refusing to keep an accurate record of all tips or gratuities paid to employees, in violation of Labor Code § 353;
- Requiring employees to sign statements that are known to be prohibited by law, in violation of Labor Code § 432.5;
- Failing and refusing to pay overtime premium wages for overtime hours worked. in violation of Labor Code § Labor Code § 510;
- Failing and refusing to provide statutorily-mandated meal periods and rest breaks, in violation of Labor Code § 512;
- Failing and refusing to provide employees one days' rest in seven, in violation of Labor Code § 551;
- Requiring employees to work more than six days in seven, in violation of Labor Code § 552;
- Retaliating against employees for their protected whistleblowing activities, in violation of Labor Code § 1102.5;
- Failing and refusing to pay minimum wages for all hours worked, in violation of Labor Code §§ 1194, 1197, 1197.1, and 1197.5; and
- Failing and refusing to indemnify employees for their necessary expenditures, in violation of Labor Code §2802.

104. These unlawful and unfair business practices defeat the public interest purposes of the State's labor laws as set forth in the California Labor Code and Industrial Wage Orders, which promote compliance with labor laws and employment regulations by participants in Defendants' industry.

105. Defendants' unfair and unlawful business practices have imposed harm on their employees and their competitors, and will continue to do so until abated. As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to Plaintiffs

and other employees, and have been unjustly enriched at Plaintiffs' and said employees' expense. Plaintiffs are entitled to restitution of wages withheld and retained by Defendants, as well as a preliminary and permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs to reimburse work-related expenses and unpaid wages.

106. As a direct and proximate result of Defendants' misconduct, Plaintiffs have suffered injury and loss of money in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

107. Plaintiffs have incurred and will continue to incur attorneys' fees and costs incident to said unfair and unlawful business practices, and seek recovery of same pursuant to California Code of Civil Procedure § 1021.5, in amounts according to proof, as this action is brought for the enforcement of an important right affecting the public interest, including protecting whistleblowers from retaliation and protecting the public from fraud upon consumers; it will confer a significant benefit on the general public, including empowering others to step forward to expose fraud, corruption, and other wrongdoing; the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not, in the interest of justice, be paid out of Plaintiffs' recovery.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

## NINTH CAUSE OF ACTION

(Private Attorney General Act)
As against all Defendants

108. Plaintiffs incorporate herein by reference each of the preceding allegations as though set forth in full.

109. Plaintiffs are aggrieved employees as defined in Labor Code § 2699(a). Plaintiffs bring this cause of action on behalf of themselves and other current or former employees affected by the Labor Code violations alleged within this Complaint.

110. Defendants have committed the above alleged violations of the California Labor Code against Plaintiffs and other current or former employees while they were and are employed by Defendants.

111. Plaintiffs have complied with Labor Code § 2699.3 by sending a letter via certified mail on or about January 13, 2015, to the California Labor & Workforce Development Agency informing said agency of Defendants' violations of law.

112. Pursuant to Labor Code § 2689, et seq., Plaintiffs, on behalf of themselves and other similarly situated employees, seek to recover civil penalties, as otherwise provided by statute, for which Defendants are liable, in amounts according to proof, as a result of their violations of the following Labor Code sections:

- Labor Code §§ 98(k), 98.6, 201, 202, 204, 223, 226(a); 227, 227.3, 232(c), 232.5(c), 351, 353, 432.5, 226.7, 510, 512, 551,552, 1102.5, 1194, 1197, 1197.1, 1197.5, and 2802.

113. Plaintiffs also seek injunctive relief ordering Defendants to comply with State wage and hour laws related to said violations, and ordering Defendants to hire a professional to train its personnel on how to comply with State wage and hour statutes.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

## TENTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy – Junhee Lee)

As Against Defendants JUNG, PARK, JKD, JKM, MILAN, CC, and DOES 1-50

114. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

115. The prompt payment of wages due an employee is a fundamental public policy of this state, and it is a violation of the laws of the State of California for an employer to terminate an employee for asserting their right to receive wages to which they are entitled.

116. At all times relevant, Plaintiff LEE fully and satisfactorily performed all of the acts required to be performed on his part to receive said wages.

117. When Plaintiff LEE asserted his and his fellow co-workers' right to receive proper payment of for wages due and owing as required by California law, Defendants, and each of them, retaliated against Plaintiff LEE by terminating his employment without good cause.

118. As a direct and proximate result of Defendants' misconduct, Plaintiff LEE has

been caused to suffer special damages by way of lost earnings and employment-related benefits, and general damages, in amounts according to proof and in excess of this Court's jurisdictional limits.

119. Defendants, and each of them, at all times relevant, acted with malice and ill will, intending to and actually harming Plaintiff LEE, entitling him to recover exemplary and punitive damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

WHEREFORE, Plaintiff seeks relief as hereinbelow set forth.

**ELEVENTH CAUSE OF ACTION**
(Wrongful Termination in Violation of Public Policy – Hanil Cho)
As Against Defendants JUNG, PARK, JKD, JKM, GF, and DOES 1-50

120. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

121. The prompt payment of wages due an employee is a fundamental public policy of this state, and it is a violation of the laws of the State of California for an employer to terminate an employee for asserting their right to receive wages to which they are entitled.

122. At all times relevant, Plaintiff HANIL CHO fully and satisfactorily performed all of the acts required to be performed on his part to receive said wages.

123. When Plaintiff HANIL CHO asserted right to receive proper payment of wages due and owing as required by California law, Defendants, and each of them, retaliated against Plaintiff HANIL CHO by constructively discharging him through the creation of working conditions so intolerable and aggravated that any reasonable employer would realize that any reasonable person in HANIL CHO's position would be compelled to resign.

124. As a direct and proximate result of Defendants' misconduct, Plaintiff HANIL CHO has been caused to suffer special damages by way of lost earnings and employment-related benefits, and general damages, in amounts according to proof and in excess of this Court's jurisdictional limits.

125. Defendants, and each of them, at all times relevant, acted with malice and ill will,

intending to and actually harming Plaintiff HANIL CHO, entitling him to recover exemplary and punitive damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

WHEREFORE, Plaintiff seeks relief as hereinbelow set forth.

**TWELFTH CAUSE OF ACTION**
(Retaliation/Whistleblower Protection – Junhee Lee)
As Against Defendants JUNG, PARK, JKD, JKM, MILAN, CC, and DOES 1-50

126. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

127. Plaintiff LEE's assertion of his right to receive proper payment of wages due and owing as required by California law was a substantial motivating reason for Defendants' retaliatory termination of his employment.

128. As a direct and proximate result of Defendants' misconduct, Plaintiff LEE has been caused to suffer special damages by way of lost earnings and employment-related benefits, and general damages, in amounts according to proof and in excess of this Court's jurisdictional limits.

129. Said Plaintiff has incurred and will continue to incur attorneys' fees and costs incident to said retaliation, and seeks recovery of same pursuant to California Code of Civil Procedure § 1021.5, in amounts according to proof, as this action is brought for the enforcement of an important right affecting the public interest, including protecting whistleblowers from retaliation and protecting the public from fraud upon consumers; it will confer a significant benefit on the general public, including empowering others to step forward to expose fraud, corruption, and other wrongdoing; the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not, in the interest of justice, be paid out of Plaintiff's recovery.

130. Defendants, and each of them, at all times relevant, acted with malice and ill will, intending to and actually harming LEE, entitling him to recover exemplary and punitive damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

WHEREFORE, Plaintiff seeks relief as hereinbelow set forth.

**THIRTEENTH CAUSE OF ACTION**
(Retaliation/Whistleblower Protection – Hanil Cho)
As Against Defendants JUNG, PARK, JKD, JKM, GF, and DOES 1-50

131. Plaintiffs incorporate herein by reference each of the preceding paragraphs as though set forth in full.

132. Plaintiff HANIL CHO's assertion of his right to receive proper payment of wages due and owing as required by California law was a substantial motivating reason for Defendants' retaliatory creation of working conditions so intolerable and aggravated that Plaintiff HANIL CHO was forced to resign.

133. As a direct and proximate result of Defendants' misconduct, Plaintiff HANIL CHO has been caused to suffer special damages by way of lost earnings and employment-related benefits, and general damages, in amounts according to proof and in excess of this Court's jurisdictional limits.

134. Said Plaintiff has incurred and will continue to incur attorneys' fees and costs incident to said retaliation, and seeks recovery of same pursuant to California Code of Civil Procedure § 1021.5, in amounts according to proof, as this action is brought for the enforcement of an important right affecting the public interest, including protecting whistleblowers from retaliation and protecting the public from fraud upon consumers; it will confer a significant benefit on the general public, including empowering others to step forward to expose fraud, corruption, and other wrongdoing; the necessity and financial burden of private enforcement are such as to make the award appropriate; and such fees should not, in the interest of justice, be paid out of Plaintiff's recovery.

135. Defendants, and each of them, at all times relevant, acted with malice and ill will, intending to and actually harming Plaintiff HANIL CHO, entitling him to recover exemplary and punitive damages in amounts according to proof and in excess of this Court's minimum jurisdictional limits.

WHEREFORE, Plaintiffs seek relief as hereinbelow set forth.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as follows:

UNDER THE FIRST AND SECOND CAUSES OF ACTION:

1. For an award of special damages according to proof;
2. For all actual, consequential, and incidental losses and damages according to proof;
3. For liquidated damages pursuant to California Labor Code § 1194.2;
4. For pre-judgment interest;
5. For all applicable civil penalties, attorneys' fees, and costs; and
6. For such other and further relief as the Court deems prudent.

UNDER THE THIRD CAUSE OF ACTION:

1. For penalties pursuant to California Labor Code §§ 226 and 226.3;
2. For pre-judgment interest;
3. For all applicable civil penalties, attorneys' fees, and costs; and
4. For such other and further relief as the Court deems prudent.

UNDER THE FOURTH CAUSE OF ACTION:

1. For penalties pursuant to California Labor Code § 203;
2. For pre-judgment interest;
3. For all applicable civil penalties, attorneys' fees, and costs; and
4. For such other and further relief as the Court deems prudent.

UNDER THE FIFTH CAUSE OF ACTION:

1. For an award of special damages according to proof;
2. For penalties pursuant to California Labor Code § 226.7(b);
3. For pre-judgment interest;
4. For all applicable civil penalties, attorney's fees, and costs; and
5. For such other and further relief as the Court deems prudent.

//

UNDER THE SIXTH CAUSE OF ACTION:

1. For an award of special damages according to proof;
2. For all actual, consequential, and incidental losses and damages according to proof;
3. For liquidated damages pursuant to 29 U.S.C. § 216(b);
4. For pre-judgment interest;
5. For all applicable civil penalties, attorneys' fees, and costs; and
6. For such other and further relief as the Court deems prudent.

UNDER THE SEVENTH CAUSE OF ACTION:

1. For an award of special damages according to proof;
2. For all actual, consequential, and incidental losses and damages according to proof;
3. For pre-judgment interest;
4. For all applicable civil penalties, attorneys' fees, and costs; and
5. For such other and further relief as the Court deems prudent.

UNDER THE EIGHTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated Business and Professions Code §§ 17200, et seq., by violating Labor Code §§ 98(k), 98.6, 201, 202, 204, 223, 226(a); 227, 227.3, 232(c), 232.5(c), 351, 353, 432.5, 226.7, 510, 512, 551,552, 1102.5, 1194, 1197, 1197.1, 1197.5, and 2802;
2. For restitution of unpaid wages and penalties to Plaintiffs;
3. For pre-judgment interest;
4. For the appointment of a receiver to receive, manage, and distribute any and all funds withheld from Plaintiffs and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code §§ 17200, et seq.;
5. For injunctive relief to ensure compliance with Business and Professions Code §§ 17200, et seq.;

6. For attorneys' fees and costs; and

7. For such other and further relief as the Court deems prudent.

UNDER THE NINTH CAUSE OF ACTION:

1. For all civil penalties, reasonable attorneys' fees, and costs of suit;

2. For an Order directing Defendants to comply the State wage and hour statutes which Defendants' have been found to violate;

3. For an Order directing Defendants to hire a professional to train its personnel on how to comply with State wage and hour statutes; and

4. For such other and further relief as the Court deems prudent.

WHEREFORE, Plaintiff JUNHEE LEE prays for judgment against Defendants JUNG, PARK, JKD, JKM, MILAN, CC, and DOES 1-50, and each of them, as follows:

UNDER THE TENTH AND TWELFTH CAUSES OF ACTION:

1. For an award of general damages according to proof;

2. For an award of special damages according to proof;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest;

5. For punitive and exemplary damages according to proof; and

6. For such other and further relief as the Court deems prudent.

WHEREFORE, Plaintiff HANIL CHO prays for judgment against Defendants JUNG, PARK, JKD, JKM, GF, and DOES 1-50, and each of them, as follows:

UNDER THE ELEVENTH AND THIRTEENTH CAUSES OF ACTION:

1. For an award of general damages according to proof;

2. For an award of special damages according to proof;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest;

5. For punitive and exemplary damages according to proof; and

6. For such other and further relief as the Court deems prudent.

//

Respectfully submitted,

Dated: February 6, 2015

ADVOCACY CENTER FOR EMPLOYMENT LAW

By: ______________________
STEVEN P. COHN, ESQ.
SEAN MICHAEL RANKIN BOTHAMLEY
Attorneys for Plaintiffs and the Putative Class

Dated: February 6, 2015

SHEA & McINTYRE, A P.C.

By: ______________________
JOHN F. McINTYRE, JR., ESQ.
KEVIN ELLIOTT
Attorneys for Plaintiffs and the Putative Class