E-filed 9/30/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNHEE LEE, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>ESRA JUNG, et al.,<br><br>          Defendants. | Case No.  15-cv-01529-HRL<br><br>**ORDER DENYING JOINT MOTION FOR SETTLEMENT APPROVAL**<br><br>Re: Dkt. No. 37 |

Plaintiffs sue Defendants for, inter alia, violations of the Fair Labor Standards Act ("FLSA") and California's Private Attorney General Act ("PAGA"). The parties signed a settlement agreement, but the settlement is ineffective as to the FLSA and PAGA claims absent court approval. *Yue Zhou v. Wang's Restaurant*, 15-cv-0279-PVT, 2007 WL 2298046 at *1 (N.D. Cal. Aug. 8, 2007); Cal. Lab. Code § 2699. The parties jointly move the court to approve the settlement. Dkt. No. 37. Each party has consented to magistrate-judge jurisdiction, Dkt. Nos. 7, 8, 10, 11, 40.

The motion for settlement approval is denied with leave to refile.

**Discussion**

A court may approve the settlement of FLSA claims if the settlement would be a "fair and reasonable resolution of a bona fide dispute." *Yue Zhou*, 2007 WL 2298046 at *1. A court has discretion to approve the settlement of PAGA claims if the settlement would be "fair." *Nordstrom Commission Cases*, 186 Cal. App. 4th 576, 581 (2010).

The undersigned, at the hearing on this motion, expressed concern because the parties had provided virtually no facts to support their motion. The parties had submitted a copy of their settlement agreement, Dkt. No. 38-3, but had otherwise submitted no exhibits and no declarations.

Likewise, the memorandum filed in support of the parties' motion contains few factual assertions; instead, it briefly summarizes Plaintiffs' claims, asserts that a bona fide dispute exists as to whether Defendants are liable, and asserts without reference to any particular facts that a payment of $300,000 would "fairly compensate[] Plaintiffs" for their claims. Dkt. No. 37 at 5.

Plaintiffs' counsel, in response to the court's concerns, argued that the court need not review any specific facts before concluding that a settlement is fair and reasonable. Plaintiffs' counsel elaborated that, in their view, the court may approve the settlement based solely on the fact that the experienced lawyers who have been working on this case assert that the settlement is fair and reasonable. The undersigned therefore ordered the parties to submit either: (1) legal authority to show the court may approve the settlement based solely on the fact that the lawyers on the case assert the settlement is fair and reasonable, or else; (2) supplemental facts that might support, upon independent review by the court, the conclusion that the settlement is fair and reasonable.

The parties submitted neither. Instead, they filed a supplemental brief which generally discusses the applicable legal standards and which asserts, again without any factual support from exhibits or declarations, that the settlement is fair and reasonable. Dkt. No. 41. The parties have therefore failed to factually support their motion and have also failed to show, on the basis of any legal authority, that it might nevertheless be proper for the court to grant the motion. Indeed, the parties cite *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 10-cv-5243-SBA, 2012 WL 6629608 at *2 (N.D. Cal. Dec. 19, 2012), for the basic proposition that courts may approve "reasonable" settlement agreements, Dkt. No. 41 at 4, but they do not seem to appreciate that in *McKeen-Chaplin* this court denied a motion for settlement approval due to a lack of factual support:

> Absent more information and analysis, the Court cannot conclude that the settlement is fair and reasonable. The parties have not provided the Court with any information that would enable the Court to evaluate whether $165,000 is a reasonable settlement in light of the maximum recovery Plaintiffs could have obtained if the action were concluded on the merits in their favor. The instant motion does not provide estimates regarding the number of overtime hours worked by each Plaintiff and information regarding the potential range of recovery for each Plaintiff. Indeed, the parties have not provided the Court with any specific information or analysis explaining how and why they arrived at the settlement amount of $165,000. Nor

United States District Court
Northern District of California

have they identified the settlement payment received by each Plaintiff and explained how they arrived at the specific amount allocated to each Plaintiff.

*Id.* at *3 (internal citation omitted). The parties here, like the parties in *McKeen-Chaplin*, have failed to support their motion for settlement approval with detailed factual analysis, and so the undersigned has no sufficient basis from which he might conclude that the parties' settlement would be fair.  Since neither FLSA nor PAGA claims can be settled before a court rules that the settlement would be fair, the court fully denies the parties' joint motion for settlement approval.

### Conclusion

The parties' joint motion for settlement approval is denied with leave to refile.  The court advises the parties to draft any future joint motion for settlement approval in light of *McKeen-Chaplin*, 2012 WL 6629608 at *3-5.[1]

**IT IS SO ORDERED.**

Dated: 9/29/2016



HOWARD R. LLOYD
United States Magistrate Judge

---

[1] *McKeen-Chaplin* also shows another potential problem with the parties' settlement agreement: it contains a general release of liability for all claims, whether known or unknown, that Plaintiffs have against "Defendants, their agents, officers, directors, shareholders, partners, attorneys and anyone acting by or through them[.]"  Dkt. No. 38-3 at 4.  The parties in *McKeen-Chaplin* "failed to demonstrate that it would be fair and reasonable for the Court to enforce" a broad release of liability, because they had failed to show that the claimants understood the breadth of the rights they were releasing and because they had failed to show the claimants received additional compensation in exchange for the release of unrelated and unknown liabilities. 2012 WL 6629608 at *3-5 (citing *Collins v. Cargill Meat Solutions, Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011); *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1126 (E.D. Cal. 2009); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)).