E-filed 9/30/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUNHEE LEE, et al.,

        Plaintiffs,

    v.

ESRA JUNG, et al.,

        Defendants.

Case No.15-cv-01529-HRL

**ORDER DENYING JOINT ADMINISTRATIVE MOTION TO SEAL SETTLEMENT AGREEMENT**

Re: Dkt. No. 38

The parties in this Fair Labor Standards Act (FLSA) case filed a joint administrative motion to seal a settlement agreement. For the reasons stated below, the court denies the motion to seal without prejudice.

**LEGAL STANDARD**

The courts recognize a common-law right of access to public records, and a strong presumption in favor of public access exists. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). This right of access, however, is not absolute, and "can be overridden given sufficiently compelling reasons for doing so." *Id.* at 1135. The party seeking to seal judicial records bears the burden of overcoming the presumption in favor of access. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

The court may apply one of two standards in evaluating motions to seal: the lower good cause standard, which applies to non-dispositive matters, and the more stringent compelling reasons standard, which applies to dispositive matters. *See Luo v. Zynga, Inc.*, No. 13-cv-00186 NC, 2013 WL 5814763, at *1-2 (N.D. Cal., Oct. 29, 2013). Under the good cause standard, the party must make a "particularized showing" that "specific prejudice or harm will result" if the document is not filed under seal. *Id.* at *1 (quoting *San Jose Mercury News, Inc. v. U.S. Dist.*

1   *Court. N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)).  Under the compelling reasons

2   standard, the party seeking disclosure must "'articulate[] compelling reasons supported by specific

3   factual findings' . . . that outweigh the general history of access and the public policies favoring

4   disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (quoting *Foltz v. State Farm Mut. Auto. Ins.*

5   *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted).

   In the Northern District, the more stringent compelling reasons standard has been applied to motions seeking to file settlement agreements under seal similar to the one currently before the court.  Courts have found the compelling reason standard appropriate for FLSA settlement agreements because of the public interest in the outcome of FLSA claims.  *Luo v. Zynga, Inc.*, 2013 WL 5814763 at *2.  The higher standard is also appropriate where approval of the settlement agreement would dispose of the action.  *Doe v. Mt. Diablo Unified Sch. Dist.*, 14-cv-02167-HSG, 2015 WL 5438951, at *2 (N.D. Cal., Sept. 13, 2015).

   In this instance, however, the question of which standard to apply is somewhat academic, as the parties have failed to make a sufficient showing under either standard.  The motion and attached declaration filed by the parties state only (1) that the settlement agreement contains a confidentiality clause; (2) that granting the motion to file under seal will facilitate the court's review of the settlement agreement; and (3) that the sealing request is narrowly tailored because it includes only one document.

   To make a showing of good cause, the parties must make a "particularized showing" that "specific harm or prejudice will result" if a document is disclosed.  *Select Portfolio Servicing, et al. v. Valentino*, No. C12-0334 SI, 2013 WL 1800039 at *3 (N.D. Cal. Apr. 29, 2013).  The parties here do not show *any* harm or prejudice that will result from disclosure of the settlement agreement.  *See id.* ("Settling defendants' motion to file under seal is supported by a sole declaration, which only asserts that the material should be sealed because the parties agreed among themselves to make the settlement confidential.  This is insufficient."); *see also Luo v. Zynga, Inc.*, 2013 WL 5814763 at *3 (holding that a confidentiality provision and exposure to more litigation were not sufficient reasons to justify sealing a settlement agreement); *Doe v. Mt. Diablo Unified Sch. Dist.*, 2015 WL 5438951 at *2 ("The parties' preference that their settlement

United States District Court
Northern District of California

1 remain confidential does not 'outweigh the general history of access and the public policies
2 favoring disclosure . . . .'"). The parties' showing is inadequate.

### CONCLUSIONS

The parties' joint motion to file the settlement agreement under seal is denied without prejudice. The court grants the parties leave to re-file this motion with an adequate showing or to file an unredacted version of the settlement agreement within seven days of this order.

**IT IS SO ORDERED.**

Dated: 9/29/2016



HOWARD R. LLOYD
United States Magistrate Judge