UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNHEE LEE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ESRA JUNG, et al.,<br><br>　　　　Defendants. | Case No.15-cv-01529-HRL<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 53 |

　　　　Plaintiffs sue Defendants for, inter alia, violations of the Fair Labor Standards Act ("FLSA") and sections of the California Labor Code. The court had previously denied the parties' motion to approve a settlement agreement because the parties failed to provide factual support for the proposed agreement's fairness and reasonableness. Dkt. No. 43. The parties renewed their motion, curing the factual deficiencies. Dkt. No. 45. The court, however, indicated at a hearing on the renewed motion that the agreement's proposed release of claims was overbroad (a concern about which it had previously alerted the parties), that the agreement impermissibly failed to disclose the amount of plaintiffs' attorneys fees, and that the court would deny the parties' motion to seal the amount of the settlement agreement. Dkt. No. 48. The parties withdrew their motion and continued negotiations. Dkt. No. 49.

　　　　Several months have passed. Rather than renewing their motion for settlement approval, the parties have now filed a joint stipulated dismissal of all claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Dkt. No. 53. In this document, the parties "stipulate that Plaintiffs' Second Amended Complaint and this entire case be hereby dismissed with prejudice pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1)[(A)](ii) with each party to bear their own attorneys' fees and costs. The Parties entered into an Addendum to a Settlement Agreement and no longer seek court approval of the resolution reached by the Parties in this case."

1  Dkt. No. 53.

2  The FLSA protects workers from unfair and oppressive working hours and substandard compensation. *McKeen-Chaplin v. Franklin Am. Mortg.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal., Dec. 19, 2012). Employees' rights under the FLSA are non-waivable, as employees' ability to waive the statute in negotiations with employers would undermine its purpose. *Id.* To ensure that the statute's purposes are being upheld, settlements under FLSA require the supervision of the Secretary of Labor or approval from a district court. *Luo v. Zynga, Inc.*, No. 13-cv-00186 NC. 2014 WL 457742, at *2 (N.D. Cal., Jan. 31, 2014). An "Addendum to a Settlement Agreement" that purports to resolve the parties' FLSA dispute sounds suspiciously similar to a settlement agreement requiring court approval.

Additionally, Rule 41 permits parties to dismiss claims without court involvement, except "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and *any applicable federal statute*." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit concluded that the FLSA falls within Rule 41's "applicable federal statute" exception and held that "parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." 796 F.3d 199, 200, 206 (2d Cir. 2015). The court finds the reasoning in *Cheeks* persuasive and consistent with the rule, followed by courts in this district, requiring court or Department of Labor approval for private settlements of FLSA claims. *See Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016); *Luo v. Zynga, Inc.*, No. 13-cv-00186 NC. 2014 WL 457742, at *2 (N.D. Cal., Jan. 31, 2014); *McKeen-Chaplin v. Franklin Am. Mortg.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal., Dec. 19, 2012). The parties cannot avoid this rule by filing a stipulated dismissal rather than a motion to approve a settlement. The stipulated dismissal is not effective.

The court therefore orders the parties to show cause, if any, why the proposed "Addendum to a Settlement Agreement" is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The court sets a show cause hearing for May 23, 2017, at 10:00 AM, in Courtroom 2, Fifth Floor of the United States District Court, 280 South First Street, San Jose, California. If the

parties file a renewed motion to approve a settlement agreement prior to this date, the show cause hearing will automatically be vacated.

**IT IS SO ORDERED.**

Dated: 4/14/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge